IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICH A. GREEN,

    Petitioner,

v.

WARDEN,
  MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No.: JRR-23-1584

**MEMORANDUM OPINION**

    Petitioner pro se Rich A. Green filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for distribution of a controlled dangerous substance following his guilty plea in the Circuit Court Allegany County, Maryland. ECF 1. Respondents filed an Answer asserting that the Petition should be dismissed because the claims are procedurally defaulted or are otherwise non-cognizable. ECF 8. Although he was given an opportunity to file a Reply to the Answer, Green has not filed anything further in this case. ECF 9. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be dismissed and a certificate of appealability shall not issue.

**I.    Background**

    On November 27, 2017, Green was indicted in the Circuit Court for Allegany County of nine counts of drug-related offenses. ECF 8-1 at 18 (docket sheet). Green's panel attorney entered an appearance on May 29, 2018. *Id*. at 28.

On August 8, 2018, Green filed a pro se motion complaining that his defense counsel was ineffective for failing to furnish him with a copy of the State's discovery material until August 7, 2018, and what was given to him was incomplete. ECF 8-1 at 29-31. He claimed he had not been given adequate time to review the discovery materials and that he was not allowed to review the audio or video surveillance as he had requested. *Id*. He asked for the court to postpone his case so that he could review the discovery materials and obtain new counsel. *Id*.

On August 21, 2018, new counsel, Murray M. Blum, entered his appearance on Green's behalf. ECF 8-1 at 32.

On September 11, 2018, Green pleaded guilty to one count of distribution of a controlled dangerous substance pursuant to an agreement with the State whereby all other counts would be *nolle prosequi*. ECF 8-1 at 14. At the hearing Green told the court about his concerns regarding the State's evidence and expressed dissatisfaction with his former attorney, Sean Patrick Gallagher, and his current attorney, Murray M. Blum. ECF 8-2 at 5-8. In summary, Green expressed his dismay over telling his attorney that the date and time on a video surveillance recording was incorrect and that Mr. Blum had informed the State of the error. *Id*. Based on this information, Green believed his attorney was working with the State because after Blum told the State about the error, he informed Green that the State would be changing the date of the video. *Id*. Green also took issue with the fact that the discovery materials did not include the chemical analysis report. *Id*. He expressed his belief that the "justice system of Allegany County" was setting him up "for the second time this year." *Id*. According to Green, Mr. Blum was the fourth attorney he had and "none of them want[ed] to defend me." *Id*. He claimed all of his defense attorneys had revealed every strength of his defense to the State. *Id*.

2

Mr. Blum responded to Green's grievances and explained that the State intended to introduce video surveillance from September 21st and that he may have mistakenly told Green the video was from September 14th. ECF 8-2 at 10. Notwithstanding the error on the date, Mr. Blum told the court that there was a video depicting Green and that Green knew what was on the video. *Id*. at 10-11.

The court sought to clarify whether Green wished to discharge counsel and noted that Green's complaints were not really relevant given his stated intent to plead guilty. ECF 8-2 at 8-10. Green indicated he wanted to keep Mr. Blum as his attorney, and he wanted to plead guilty. *Id* at 11-12.

The State provided the following facts that, if the matter had gone to trial, it expected to establish beyond a reasonable doubt.

> [T]he State would have offered testimony from Senior Trooper Trent Lewis of the Maryland State Police, currently assigned to C3I Narcotics. He would have testified that on September 21, 2017, acting in an undercover capacity, he made contact with Richard Andre Green . . . . The reason he made contact was for the distribution of controlled dangerous substances, specifically cocaine. At approximately 3:00 in the afternoon, Trooper Lewis pulled up in front of 144 Wood Street, [Frostburg], Allegany County, Maryland . . . . At that time he text Mr. Green that he was out front. Mr. Green came out approximately one minute later and proceeded to the Trooper's vehicle. He got inside the vehicle. The Trooper handed Mr. Green one hundred dollars and Mr. Green handed the Trooper three small bags of what the Trooper knew to be cocaine. Evidence would have shown that indeed, Mr. Green had dominion and control over the cocaine, knew its illicit nature and/or general substance, and that indeed, it was cocaine. It was sent down to the Maryland State Police Crime Lab, and came back as cocaine.

ECF 8-2 at 34-35. The State added that Green sold the cocaine for one hundred dollars. *Id*. at 35.

During the plea colloquy conducted, Green complained that the chemical analysis report was not produced until one year had passed and asked why it had taken so long. ECF 8-2 at 15-16. In response, the State's Attorney advised that the State had provided the analysis to Green's

former attorney, Mr. Gallagher when it was received on August 10, 2018. *Id*. at 16. The State further reminded the court that "[r]egardless of whether Mr. Gallagher gave Mr. Green the analysis or not, the State did indeed provide Mr. Gallagher with the lab analysis." *Id*. at 17.

As part of the colloquy, Mr. Blum explained to Green that his guilty plea meant he would not be entitled to an automatic appeal, but he could file an application for leave to appeal for limited reasons. ECF 8-2 at 22. Mr. Blum explained the limited reasons the appellate court might consider were whether the trial court had jurisdiction; whether the court imposed an illegal sentence; whether counsel provided effective assistance; and whether Green's guilty plea was voluntary. *Id*. 22-23, 28-29. When Mr. Blum asked Green if he was satisfied with his services, Green indicated that, while not perfect, he appreciated Mr. Blum's efforts; affirmed that they had discussed the primary evidence the State would rely upon; and affirmed his understanding that his answers regarding counsel's representation made it unlikely that the appellate court would consider an ineffective assistance of counsel claim raised by Green. *Id*. at 28-29. The court accepted Green's guilty plea and entered a verdict. *Id*. at 34-36.

On August 19, 2018, the trial court denied as moot Green's "Motion to Show In[e]ffective Assistance of Counsel" and for postponement. ECF 8-1 at 30 (marginal order). On December 11, 2018, Green was sentenced to 14 years with all but 7 years suspended and 5 years of probation. ECF 8-1 at 13. Green filed an application for leave to appeal on January 7, 2019. ECF 8-1 at 37-39. In his application filed with the Maryland Court of Special Appeals (now known as the Appellate Court of Maryland), Green alleged that the "Maryland Criminal Discovery Rules (Rules 4-262 and 4-265 + 4-301) were broken and/or were not honored on September 11, 2018." *Id*. at 38. Green further noted that he "filed Ineffective Assistance of Counsel" in this case as well as

another unrelated case also prosecuted in Allegany County. *Id*. The application for leave to appeal was denied without opinion on March 7, 2019; the mandate issued on April 8, 2019. *Id*. 50-52.

On March 4, 2019, Green filed a *pro se* petition for post-conviction relief raising eight claims: (1) information was withheld by one of his attorneys; (2) conflicts of interests should have been raised prior to counsel entering an appearance on his behalf; (3) the motions he filed pursuant to Md. Rule 4-252 were ignored; (4) discovery was not complete; (5) Md. Rules 4-262, 4-263, and 4-301 regarding discovery were violated; (6) the State never provided discovery evidence requested; (7) the State changed the date of the alleged offense from September 14, 2017 to September 21, 2017; and (8) the forensic analysis was not provided until September 11, 2018. ECF 8-1 at 47. Two additional claims were added by post-conviction counsel on August 26, 2019: (9) Green did not enter a knowing and voluntary plea; and (10) trial counsel rendered ineffective assistance of counsel when he failed to properly advise Green he was waiving his right to allege any legal or factual challenges to the State's case. *Id*. at 55 (supplemental petition).

A post-conviction hearing was held on August 27, 2019. ECF 8-4. Green agreed to withdraw his post-conviction petition in this case as well as the other separate case on the condition that the State agree for Green to undergo an evaluation pursuant to MD. CODE ANN., HEALTH GEN. § 8-505. *Id*. at 5. The State also agreed not to oppose a commitment to a drug treatment facility pursuant to § 8-507 following Green's evaluation. *Id*. at 7. During a colloquy performed by Green's counsel, he indicated that he understood he was withdrawing his petition with prejudice meaning he could not file for post-conviction relief again. *Id*. at 7-8. Green accepted all the terms of the agreement. *Id*. at 8. A consent order was issued on August 30, 2019. ECF 8-1 at 63.

Green was later evaluated and committed to the custody of the Maryland Department of Health for substance abuse pursuant to § 8-507. ECF 8-1 at 64-67. When Green filed his petition

in this Court he was on probation until November 26, 2024, but was not in prison. *Id*. at 82. On July 18, 2023, one month after this petition was filed, Green had a hearing in the Circuit Court for Allegany County on a motion for modification of his probation and, after the State offered no opposition to the modification, his probationary period was "closed out as satisfactory." *Id*. at 27. Although Green is no longer in custody, he was subject to state supervision at the time he filed this petition and was therefore in custody for purposes of habeas corpus relief under 28 U.S.C. § 2254. Probation supervision satisfies the custody requirement for seeking habeas relief. *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963), *see also Woodfolk v. Maynard*, 857 F.3d 531, 539 (4th Cir. 2017) ("It is well settled that the 'in custody' requirement applies at the time a petition is filed."); *Griffin v. Baltimore Police Dept*., 804 F.3d 692, 697 (4th Cir. 2015) ("The habeas 'in custody' requirement . . . applies only at the time of filing, not throughout the case.").

In the petition filed with this Court, Green alleges he is entitled to habeas relief because (1) the video surveillance has no time and date stamp and is not from the date alleged by the State; (2) the forensic report was dated October 10, 2017 and when Green told his attorney, his attorney told the State about it; (3) ineffective assistance of counsel when defense counsel "conspired with the State to have [Green] set up for failure;" and (4) the State added documents to discovery materials over a year after Green informed his attorney the discovery packet was incomplete. ECF 1 at 5.

## II.   Discussion

### A.   Cognizability of Claims

To be entitled to federal habeas relief Green must raise a claim that he was either denied a constitutional right or federal law was violated in connection with his State criminal conviction. Absent such an allegation, the Petition fails to state a cognizable claim for relief. *Wilson v.*

*Corcoran*, 562 U.S. 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim). Allegations of State law violations do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions"), *see also Weeks v. Angelone*, 176 F.3d 249, 252 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."); *Torrence v. Lewis*, 60 F.4th 209, 213-14 (4th Cir. 2023) (federal habeas petitioner may not receive relief "solely for an error of state law"). Green's claims regarding the State's alleged violation of Maryland Rules of procedure for discovery in a criminal case do not implicate a federal constitutional right and therefore provide no basis for federal habeas relief.

      B.     **Effect of Guilty Plea**

Additionally, Green's conviction was the result of a guilty plea, which is presumed to be valid under well-established principles of law. *Parke v. Raley*, 506 U.S. 20, 29 (1992). Green must "rebut the presumption of regularity that attaches to his guilty plea," otherwise he is "presumed to have waived his right to trial." *U.S. v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019), *see also U.S. v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) ("It is the general rule that when a defendant pleads guilty he waives all non-jurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea."). "[A] defendant's decision to plead 'guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain [and][t]hat decision

[should] not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase.'" *Christian v. Ballard*, 792 F.3d 427, 454 (4th Cir. 2015), quoting *U.S. v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).  Green's claims that challenge the sufficiency of the State's evidence and that allege his trial attorneys conspired with the State are waived and no exception to this rule is evident from the record before the Court.  *See Class v. U.S.*, 538 U.S. 174, 180 (2018) (exception to guilty plea waiver recognized where court had no power to enter the conviction or to impose the sentence).

### C. Ineffective Assistance of Counsel

Green raises a claim of ineffective assistance of counsel, which implicates the Sixth Amendment to the United States Constitution.  This claim, however, is procedurally defaulted.  Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).  A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim.  *See Coleman v. Thompson*, 501 U.S. 722, 731-

32 (1991).  A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[1]  *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620.  "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time."  *Id*. quoting *Murray*, 477 U.S. at 488.  Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.  *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

Green claims that his defense attorneys conspired with the State to set him up for failure at trial.  ECF 1 at 6.  Green did not raise this claim in his application for leave to appeal his guilty plea and he withdrew his petition for post-conviction relief with prejudice.  While Green mentioned that he had "filed Ineffective Assistance of Counsel" in his application for leave to appeal, he did not explain how counsel rendered ineffective assistance.  Absent such an

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).  Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence.  *Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

9

explanation, the claim is not properly raised for the Appellate Court of Maryland to consider the merits of the claim.  *See* MD. RULE 8-204(b)(3) (requiring application for leave to appeal to contain a concise statement of the reasons why the judgment should be reversed or modified).  Moreover, claims of ineffective assistance of counsel are more appropriately raised in post-conviction proceedings where a record can be developed regarding trial counsels' reasons for actions taken during the trial.  *See Bailey v. State*, 464 Md. 685, 705 (2019) (noting trial record did not clearly illuminate why counsel's actions were ineffective), *see also Robson v. State*, 257 Md. App. 421, 463 (2023) (claim of ineffective assistance is more appropriately made in a post-conviction proceeding).  As noted, Green withdrew his petition for post-conviction with prejudice.  Thus, his claim of ineffective assistance of counsel is procedurally defaulted.

While this Court may still reach a claim that is procedurally defaulted in limited circumstances, those circumstances do not exist in this case.  Green has not offered any argument or evidence to support an actual innocence claim, nor does this Court find that a manifest injustice would result absent habeas relief in this case.  Accordingly, the Petition must be denied.

D. **Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 580 U.S. 100, 115 (2017).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U.S.C. § 2253(c)(2).

Green may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III. Conclusion

The Petition for Writ of Habeas Corpus shall be denied and a certificate of appealability shall be declined by separate Order which follows.

/S/

<u>March 25, 2024</u>  
Date

Julie R. Rubin  
United States District Judge